UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-00168-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MICKIE T. BARMORE,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion for Writ, which appears to be a restatement of an earlier letter in which he sought to have his supervised release violation resolved while in state custody. The court denied that request for relief by Order (#5) dated December 18, 2013. In the Motion for Writ, defendant demands a "Speedy Trial" on his SRV violation stating that his state criminal matter has been resolved through receipt on a 73-100 month active sentence, which he appears to be in the midst of serving at the Lumberton Correctional Institution.

Only when the state sentence is complete will the primary jurisdiction of the State of North Carolina end over defendant. Primary jurisdiction is determined by which sovereign first obtains custody of or arrests the defendant. Trowell v. Beeler, 135 F. App'x 590, *2 n. 2 (4th Cir. May 19, 2005). Primary jurisdiction is only relinquished when defendant is released on bail, the charges are dismissed, defendant is paroled, or the sentence expires. United States v. Cole, 416 F.3d 894, 896–897 (8th Cir.2005); McCollough v. O'Brien, No. 7:06–CV–712, 2007 WL 2029308, *1 (W.D.Va. July 10, 2007).

1

Assuming that the United States Marshal has placed a detainer on defendant, the court further assumes that state authorities have notified defendant of the source and contents of such detainer under the Interstate Agreement on Detainers Act ("IAD"). 18 U.S.C.App. 2 § 2, Art. III(c).

To request a final disposition of charges contained in such detainer, defendant must utilize IAD Form 2, the "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Informations, or Complaints." Article III(a) also requires that such request be "accompanied by a certificate of the appropriate official having custody of the prisoner" (the State of North Carolina) stating the time and terms of the prisoner's current imprisonment. 18 U.S.C.App. 2 § 2, Art. III(a).

Defendant's letter to the court is not an acceptable substitute under the act inasmuch as it does not provide the prosecuting authority (to wit, the United States Attorney) with adequate notice that defendant has invoked his rights under the IAD. As another court has observed,

> [r]equiring prisoners to strictly comply with the provisions fo the IAD produces substantial benefits. First, if a prisoner uses standard IAD Form 2, and includes the certificate required by Article III(a), then the prosecuting authority will be notified that the IAD has been invoked and will be better able to avoid the severe sanction of dismissal mandated by Article V(c). Second, because prosecutors are not currently compelled to sort through every prisoner's correspondence and pleadings to find IAD references, the IAD remains an effective system to rapidly adjudicate the claims of prisoners challenging extradition. Third, requiring strict compliance with the IAD provides the prosecutor with information and the ability to decide whether or not to prosecute in the requesting state. If the prisoner is currently serving a lengthy sentence on a serious charge, then the requesting state might opt not to spend limited resources on a second trial unlikely to produce additional benefits.

Norton v. Parke, 892 F.2d 476, 481 (6th Cir. 1989).

Put another way, the determination of whether and when to writ a person from state custody is not determined by the court; rather, such determination is within the discretion of the United States Attorney.

Thus, a "Motion for Writ" is not appropriate and defendant is advised to utilize IAD Form 2, the "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Informations, or Complaints." .

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Writ (#6) is DENIED as non-justiciable.

Signed: August 29, 2014

Max O. Cogburn Jr.
United States District Judge